UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In Re: Application of                )
HERAEUS KULZER GmbH for an           )
Order Pursuant to 28 U.S.C. § 1782   )
to Take Discovery Pursuant to the    )        CAUSE NO. 3:09-CV-530 RM
Federal Rules of Civil Procedure     )
for Use in Foreign Proceedings       )

OPINION and ORDER

In this court's second round of action in this case, Heraeus Kulzer GmbH

has filed objections to Magistrate Judge Christopher A. Nuechterlein's Opinion

and Order of October 29, 2009 denying Heraeus' petition for discovery from

Biomet, Inc. and Biomet Orthopedics, LLC (collectively, Biomet) pursuant to 28

U.S.C. § 1782. The court previously denied Heraeus' objections to Magistrate

Judge Nuechterlein's denial of Heraeus' first discovery application; Heraeus'

appeal of those orders is currently pending (and on hold) at the Seventh Circuit

Court of Appeals. The discovery dispute here at issue involves Heraeus' revised

document requests that are attached as Exhibit 1 to Heraeus' August 31 Notice

of Revised and Narrowed Requests for Documents [docket # 26]. The court

assumes the reader's familiarity with the facts and prior proceedings in this on-

going discovery dispute between Heraeus and Biomet.

Heraeus contends Magistrate Judge Nuechterlein abused his discretion by

(1) concluding that the German court is the more appropriate tribunal for ordering

discovery between these parties, (2) imposing a foreign discoverability

requirement, (3) determining that Heraeus could obtain discovery in the German court, and (4) concluding that Heraeus was seeking "unfettered access" to United States courts, trying to "be free of the burdens and restrictions of the German court," and preferring the "broader discovery rules of this court." According to Heraeus, the magistrate judge's conclusions "were based on a misconstruction and misapplication of the law as well as a number of erroneous factual premises." Heraeus asks that the court hold a hearing on its objections.

After carefully reviewing the Opinion and Order and the parties' submissions, the court concludes that oral argument isn't necessary and that Heraeus hasn't demonstrated that Magistrate Judge Nuechterlein's Opinion and Order is clearly erroneous or contrary to law.

> Federal Rule of Civil Procedure 72(a) provides that once a timely objection to a magistrate judge's decision has been filed, a court may modify or reverse any portion of a magistrate judge's decision on a non-dispositive issue upon a showing that the decision is clearly erroneous or contrary to law. *See* Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 594-595 (7th Cir. 2006) ("The Federal Rules of Civil Procedure provide that when parties object to a magistrate judge's order, district judges are to review nondispositive decisions for clear error and dispositive rulings de novo."). Under the clearly erroneous standard, the reviewing court "is not to ask whether the finding is the best or only conclusion permissible based on the evidence. Nor is it to substitute its own conclusions for that of the magistrate judge. Rather, the court is only required to determine whether the magistrate judge's findings are reasonable and supported by the evidence." Berman v. Congressional Towers Ltd. P'ship, 325 F. Supp. 2d 590, 592 (D.Md. 2004); *see also* Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) (district court can overturn magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made"); F.T.C. v. Pacific First Benefit, LLC, 361 F. Supp. 2d 751, 754 (N.D. Ill. 2005) (magistrate judge's ruling should be set aside or modified only if it contains "some clearly apparent mistake"). If the case permits two permissible views,

the magistrate judge's ruling shouldn't be overturned solely because the reviewing court would have chosen the other view. <u>Hunter v. Dutton</u>, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009).

A discovery request under 28 U.S.C. § 1782(a) requires a court to consider the requirements of the statute, the factors identified in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241 (2004), "and any other relevant factors and ask whether, taken as a whole, the reasons supporting the request are more persuasive than those offered in opposition to it. In short, when [a court] exercises its discretion under § 1782(a), [the court] should have 'a good reason.'" <u>In re Application of Procter & Gamble Co.</u>, 334 F. Supp. 2d 1112, 1114 (E.D. Wis. 2004) (<i>citing</i> <u>Kestrel Coal Pty. Ltd. v. Joy Global, Inc.</u>, 362 F.3d 401, 406 (7th Cir.2004)). "[A] district court is not required to grant § 1782(a) request simply because it has the authority to do so." <u>Intel v. Advanced Micro Devices</u>, 542 U.S. at 264. Section 1782(a) "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested persons' in proceedings abroad." 542 U.S. at 247.

Opinion and Ord. (July 9, 2009) [docket # 44], at 1-2.

Magistrate Judge Nuechterlein first noted Biomet's argument that Heraeus' second discovery application should be barred based on res judicata or collateral estoppel grounds, an argument Biomet also advanced in response to Heraeus' objections to the magistrate judge's decision. Magistrate Judge Nuechterlein determined that instead of addressing the res judicata/collateral estoppel argument and potentially "perfunctorily blocking a legal review of Heraeus' second application," a better option would be to evaluate Heraeus' application "in order to create a more complete record." Opinion and Ord. (Oct. 29, 2009), at 5. The court agrees that addressing the merits of Heraeus' second discovery application is the better course.

Magistrate Judge Nuechterlein next referenced his prior consideration of the statutory factors – i.e., whether the person from whom discovery is sought resides

or is found in the district of the court to which the application is made, whether the discovery is for use in a foreign tribunal, and whether the application is made by a foreign or international tribunal or any interested person – and concluded that Heraeus' second application for discovery was appropriate under the statue. *See* Opinion and Ord. (Oct. 29, 2009), at 5. He then considered the discretionary factors established in <u>Intel v. Advanced Micro Devices</u>, 542 U.S. at 264-266 – *i.e.*, whether the party from whom discovery is sought is a participant in the foreign proceeding; the nature of the foreign tribunal and its receptivity to discovery assistance from a United States court; whether the discovery application conceals an attempt to circumvent foreign discovery practices; and the breadth and intrusiveness of the discovery requests themselves – and denied Heraeus' second application for discovery.

Heraeus has filed its objections to the denial of its discovery requests, arguing that the Opinion and Order is clearly erroneous and/or contrary to applicable law. Contrary to Heraeus' claims, Magistrate Judge Nuechterlein didn't impose an exhaustion requirement, *see* Opinion and Ord. (Oct. 29, 2009), at 12 ("Heraeus notes that the statute does not require Heraeus to first seek discovery in the German court before seeking discovery in this court. This court acknowledges Heraeus' assertion to be an accurate statement of the law."); he didn't impose a foreign discoverability requirement, *see id.* ("Heraeus is not required to first seek discovery in Germany."); nor did he erroneously conclude that Heraeus could obtain all discovery it currently seeks from the German court,

*see id.* at 11 ("Although Heraeus may face potentially narrower and more time-consuming procedures for obtaining discovery in Germany, Heraeus is not prevented from obtaining discovery in Germany altogether.").

Heraeus disagrees with Magistrate Judge Nuechterlein's belief that Heraeus was trying "to be free of the 'more difficult,' 'less effective,' and 'less efficient' discovery procedures of the German courts." *Id.*, at 11. The magistrate judge observed that the procedural steps Heraeus has taken (*e.g.*, filing its application for discovery in this court before service of the complaint in the German action and then filing a second action without awaiting a decision on its appeal of the denial of its first discovery request) bolstered an inference that Heraeus' primary purpose for seeking discovery in this court was to circumvent the more restrictive German discovery rules. He concluded that 28 U.S.C. § 1782(a) wasn't intended to allow foreign parties to "'forum shop,' whenever the procedures of their home tribunal are less favorable to their case." Opinion and Ord. (Oct. 29, 2009), at 11. Magistrate Judge Nuechterlein's conclusions were not clearly erroneous or contrary to law.

Even though another court might have construed the first three discretionary factors less narrowly than did Magistrate Judge Nuechterlein, *see* Hunter v. Dutton, No. 06-0444, 2009 WL 230088, at *1 (S.D. Ill. Jan. 30, 2009) ("if there are two permissible views, the reviewing court should not overturn the decision solely because it would have not chosen the other view"), a review of Heraeus' amended discovery requests supports the Magistrate Judge's conclusion

under the fourth factor that those requests are no less overbroad or burdensome than the company's original requests.

Heraeus maintains there is no basis in the record for the Magistrate Judge's determination that the amended document requests are overly burdensome. According to Heraeus, Magistrate Judge Nuechterlein's conclusion "is plainly wrong," especially in light of Heraeus' claim that it has "carefully trimmed and clarified its requests." The court can't agree. While Heraeus' third revised requests relate to two, rather than eleven, bone cement products and don't ask Biomet to produce documents of another company, the revised requests broadly seek "all documents" and "change modifications" filed in Germany to obtain CE market approval of Biomet and Heraeus bone cement products [requests 5-6]; "all documents referring or relating to communications from Biomet" to three other companies from 2004 to present [requests 7-11]; and "all documents referring to or relating to communications with or between any member(s) of the Biomet Group" from 1996 to 2005 on some topics and from 2004 to present on others [requests 12-13]. The requests seek disclosure of information about specifications for raw materials, test methods and instructions, manufacturing instructions and agreements, and development of co-polymers used by or supplied to Biomet relating to semi-finished (powder and liquid components) and final bone cement products. Heraeus' requests, which in most instances span a period of more than six years, again specify that the term "documents" is to "be defined to the broadest extent permitted by law;" the term "communications" includes "any transmission

of data from one person or entity to another; and the terms "concerning" and "relating to" mean "in any way relevant to the subject matter of the request." Thus, the record supports Magistrate Judge Nuechterlein's finding that Heraeus' discovery requests "are so broad that [they] cover every single document affecting the valuation of assets pursuant to both the Joint Venture and the Share Purchase Agreement and Biomet's decision to create and market the two bone cement products," Opinion and Ord. (Oct. 29, 2009), at 17, and, so, are unduly burdensome.

Magistrate Judge Nuechterlein's decision to deny Heraeus' second application for discovery and its August 31 revised discovery requests is neither clearly erroneous nor contrary to law. Heraeus' request for oral argument [docket # 44] is DENIED; Heraeus' objections [docket # 31] are OVERRULED; and the Magistrate Judge's October 29, 2009 Opinion and Order [docket # 30] is AFFIRMED in its entirety.

SO ORDERED.

ENTERED:   June 22, 2010

   /s/ Robert L. Miller, Jr.
Judge
United States District Court

7