UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

In the matter of the Application of )
HERAEUS KULZER GMBH, Petitioner )
For an Order Pursuant to 28 U.S.C. )
§ 1782 To Take Discovery, Pursuant to )
the Federal Rules of Civil Procedure, of ) CAUSE NO. 3:09-CV-530 RM
Respondents Biomet, Inc. and Biomet )
Orthopedics, LLC, For Use In )
Foreign Proceedings )

OPINION AND ORDER

Heraeus Kulzer GMBH has moved to compel production of documents, to compel a deposition, and for leave to use in two German proceedings documents Biomet, Inc. and Biomet Orthopedics, LLC have produced. The court assumes the reader's familiarity with the motion and the parties' arguments, as well as this court's order of March 16, and the court of appeals' January 24 opinion, Heraeus Kulzer, GMBH v. Biomet, Inc., 633 F.3d 591 (7th Cir. 2011). The court issues this order with only bare bones discussion in light of the urgent need for a ruling. For the reasons that follow, the court grants the motion in part, denies it in part, and defers ruling on part.

A.

Heraeus seeks production of what it calls the "13.3 documents" and what Biomet calls the "put-exercise price" documents. These documents, Heraeus argues, might the show the value of the bone cement business Merck transferred

to Biomet, which is at the core of the German litigation. The court agrees with Biomet that the documents aren't within the scope of Heraeus's document request.

Heraeus argues alternatively that it should be allowed to make this limited follow-up request. Heraeus notes that the court of appeals directed that Heraeus should be allowed discovery of a sort ordinarily permitted in complex litigation in the United States courts, and such follow-up requests are common in that setting.

The court might agree with Heraeus's request for a limited follow-up in a different procedural setting, but this is an unusual case. Before the court's earlier order concerning the production of documents, Biomet explained the range of material it would need to search:

> Currently, the Biomet Respondents have gathered over 30 gigabytes of email alone that need be culled, searched, and evaluated for responsiveness, and it appears that an additional 40 gigabytes will be added to that number. According to conservative estimates, 70 gigabytes is the equivalent of over 200,000 emails and attachments. Of course, this says nothing about other types of electronic material, or the hard-copy documents that have been collected and may have to be reviewed. As of today, the Biomet Respondents have identified approximately 100 boxes of documents that could contain material potentially responsive to Heraeus' Requests.
> If Heraeus were allowed discovery regarding the decision to develop various bone-cement products and the "implementation" of that decision, the already substantial burden on the Biomet Respondents would multiply exponentially. As an initial matter, discovery of those documents would require an even more detailed search of the documents already being collected from certain key custodians.

Doc. #62, at 10 (record citations omitted). Heraeus hasn't persuaded the court that reasonable grounds exist to make Biomet burrow back into those materials

for a second full search, looking for documents that weren't the subject of the first search.

For these reasons, the court denies Heraeus's request for additional documents.

B.

Heraeus also seeks leave to conduct a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. Biomet objects because it considers the Rule 30(b)(6) subpoena to be overly broad, unduly burdensome, and ultimately calling for privileged information. Biomet also argues that the deposition would produce an incomplete version of events and that German civil procedure doesn't allow depositions. In casting its argument, Biomet follows the same path that led the court of appeals to decide as it did in January. Biomet didn't respond to Heraeus's offers to discuss the breadth of the deposition or the accompanying subpoena, other than to say it would object in future. But Biomet didn't reveal its objections until after Heraeus filed its motion. Biomet hasn't engaged in the back and forth that the court of appeals endorsed. *See* Heraeus Kulzer, GMBH v. Biomet, Inc., 633 F.3d at 598 ("Biomet's refusal to . . . meet with Heraeus to negotiate a reduced scope of discovery[ ] is evidence that its objections to the discovery demands are indeed spurious.").

All types of discovery reveal incomplete versions of facts, and the one-sidedness of discovery of under 28 U.S.C. § 1782 impressed the court of appeals

little in its January ruling. The court agrees with Biomet that the proposed subpoena is broad and burdensome, but the court has nothing but Biomet's use of adjectives to support a proposition that it is overly broad or unduly burdensome. Heraeus wants a chance to find out what steps led Biomet to conclude that certain documents don't exist or can't be found. That is a permissible inquiry.

For these reasons, the court grants Heraeus's motion for leave to take the proposed Rule 30(b)(6) deposition of a Biomet representative.

C.

Heraeus also seeks authority to disclose to the German courts, subject to various sorts of confidentiality protection available under German law, several documents that Biomet has produced by virtue of discovery in this case. Biomet has agreed that specified Merck documents can be used in the Frankfurt action as long as the court so orders, but objects to use of the documents in the Darmstadt action. It appears that Heraeus has agreed to sufficient safeguards to overcome Biomet's objections, but there is an added wrinkle.

Esschem, Inc., which isn't a party to the German actions but says it shared confidential information with Biomet when developing bone cement products with Biomet, has moved to intervene. Esschem believes that some of the documents that Heraeus wants to use in the German cases might contain Esschem's own confidential information; Esschem wants to intervene so that it can learn what

documents Heraeus wants to use in Germany (the list of documents is under seal, though Heraeus's counsel told Esschem's counsel what documents would be involved just before filing this motion) and try to protect any documents Esschem thinks need protecting. Esschem and Heraeus have submitted a similar dispute to the United States District Court for the Eastern District of Pennsylvania, but the court can't evaluate the extent of any overlap. Biomet hasn't objected to the petition to intervene; Heraeus has objected.

Heraeus says Esschem's motion should be denied as untimely, but the court disagrees: Esschem filed the motion immediately after Heraeus petitioned to use the documents Biomet disclosed. Esschem's intervention motion is timely. Esschem has — or, at least, might have, depending on which documents are covered by Heraeus's motion — an interest in the documents that is the subject of this aspect of this § 1782 action. Granting Heraeus's motion to disclose documents to the German courts might impair Esschem's ability to protect its interest in confidentiality in the documents (or it might not, but the court can't say at this point). It doesn't appear at this stage that Biomet has the same interest in protecting the documents that Esschem has. Heraeus's most persuasive argument against intervention is that intervention would cause significant delay. The court disagrees because the related proceedings in the Eastern District of Pennsylvania place the parties on a footing to conduct very expedited briefing.

Esschem has satisfied the requirements of Rule 24(a) for intervention as a matter of right, so the court grants its motion. The court will defer ruling on

5

Heraeus's request to disclose documents already produced in this case to the German court, pending completion of expedited briefing or notification to the court that a ruling in the Eastern District of Pennsylvania has made this request moot.

D.

For the foregoing reasons, the court GRANTS IN PART, DENIES IN PART, and DEFERS IN PART the motion of Heraeus Kulzer GMBH to compel production of documents and a deposition and for leave to use the documents produced by Biomet in the German proceedings [doc. #69] as follows:

(a) the court DENIES the request for production of additional documents;

(b) the court GRANTS the request to take a deposition under Federal Rule of Civil Procedure 30(b)(6); and

(c) the court DEFERS ruling on the request to disclose documents to the German courts.

The court GRANTS Esschem, Inc.'s motion to intervene [doc. #74]. Esschem, Inc. shall have to and including August 22, 2011 within which to file any objection to Heraeus Kulzer GMBH's request to disclose documents to the German courts, and Heraeus Kulzer GMBH shall have to and including August 26, 2011 within which to file any reply to Esschem's Inc.'s objection. The court will rule without hearing.

SO ORDERED.

ENTERED: August 16, 2011

                                  /s/ Robert L. Miller, Jr.
                                Judge, United States District Court

cc:    Hon. Cynthia M. Rufe, Eastern District of Pennsylvania
        All counsel of record