UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In Re: Application of )<br>HERAEUS KULZER GmbH for an )<br>Order Pursuant to 28 U.S.C. § 1782 )<br>to Take Discovery Pursuant to the )<br>Federal Rules of Civil Procedure )<br>for Use in Foreign Proceedings ) | CAUSE NO. 3:09-CV-530 RM |

OPINION and ORDER

The deposition of Daniel Smith, a representative of Biomet, Inc. and Biomet Orthopedics, LLC, took place on September 9, 2011. Biomet reports that during that deposition, Mr. Smith clarified exactly when Biomet "began looking into the development of certain bone cements, including European cements," Mot., at 4 n.2, so, based on that clarification, its counsel reviewed Biomet documents and discovered seven documents that hadn't previously been produced. The referenced documents – six e-mails and one document – were tendered to Heraeus Kulzer GmbH on October 24.

Heraeus' counsel reviewed the documents and, on November 1, contacted counsel for Biomet to request that Mr. Smith's deposition be reopened. Biomet says it believed another deposition was unwarranted – "the seven documents produced on October 24 do not raise any new subjects that [Heraeus] could not have inquired about during Mr. Smith's first deposition," Mot., at 5 – but, "in the spirit of cooperation and to avoid the very process that is now taking place," Mot.,

at 4, offered to make Mr. Smith available for a one-hour deposition to address the October 24 documents.

Heraeus rejected Biomet's proposal as too limited. According to Heraeus, Biomet "finally produced the smoking-gun documents that Heraeus has been seeking since this case was initiated in January 2009," Resp., at 1, and because those critical documents weren't produced before the September 9 deposition, a second deposition of Mr. Smith is necessary. Heraeus says Biomet should make Mr. Smith available for a "reasonable period" – a period Heraeus says "would not likely take more than a half a day" – so Heraeus can (i) ask about the October 24 documents, "along with reasonable follow up, including the possible existence of additional documents not produced," (ii) "explore unanswered issues from his previous deposition," and (iii) "ask reasonable follow up questions if the new testimony appears to be inconsistent with prior testimony." Resp., at 2.

Biomet now seeks a protective order barring Heraeus from re-deposing any Rule 30(b)(6) representative, including Daniel Smith, and from taking any further depositions. Biomet asks, in the alternative, that if Heraeus is permitted to re-open Mr. Smith's deposition, the second deposition be limited to one hour of questioning about the seven documents produced on October 24. Biomet claims Heraeus should have been aware, on September 9, of the topics raised by the seven documents produced on October 24, and Mr. Smith, "a busy Biomet employee, should not have to sit for another deposition so that Heraeus can have

a second bite of the apple." Mot., at 6. Heraeus has countered with a motion to compel Biomet to produce Mr. Smith for a second deposition.

Federal Rule of Civil Procedure 26(b) provides that the court may permit a second deposition of a witness unless

> (i) the [second deposition] is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking [the second deposition] has had ample opportunity by discovery in the action to obtain the information sought; or
> (iii) the burden or expense of the proposed [second deposition] outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); *see also* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time [for a deposition] consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.").

While Biomet downplays the import of the October 24 documents, and Heraeus insists the documents at issue contain "smoking-gun evidence that goes a long way toward proving Heraeus' trade secret misappropriation claims," Resp., at 3, the parties don't dispute that the documents weren't made available to Heraeus until after the conclusion of Mr. Smith's deposition. Neither Biomet nor the court can say what Heraeus could or should have known on September 9 about documents that weren't produced until October 24. Regardless of whether the documents are immaterial or, in fact, hold the key to Heraeus' claims, based

on the totality of the circumstances, the court concludes that Heraeus' request to reopen Mr. Smith's deposition is not unreasonably cumulative or duplicative and the possible benefit of discovering additional information about those documents outweighs the burden or expense of a limited deposition. Heraeus' request to reopen Mr. Smith's deposition will be granted with some limitations.

The court DENIES Heraeus' request for a hearing on this matter [docket # 115] and further DENIES Biomet's motion for a protective order [docket # 103], including its request that Heraeus be prohibited from re-deposing any Rule 30(b)(6) representative and from taking any further depositions. The court will split the time difference between the parties' requests (Biomet's one hour limit and Heraeus' four hour request) and permit Heraeus to reopen Daniel Smith's deposition for a period of two-and-a-half hours to address questions reasonably related to the October 24 documents. The court strongly encourages counsel to agree to a date and time for the deposition at the earliest possible opportunity.

SO ORDERED.

ENTERED:   December 1, 2011

    /s/ Robert L. Miller, Jr.
Judge, United States District Court