UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IN RE: APPLICATION OF                    )
HERAEUS KULZER GMBH FOR AN               )
ORDER PURSUANT TO 28 U.S.C. § 1782       )
TO TAKE DISCOVERY PURSUANT TO THE        )        CAUSE NO. 3:09-CV-530 RLM-MGG
FEDERAL RULES OF CIVIL PROCEDURE         )
FOR USE IN FOREIGN PROCEEDINGS           )

OPINION and ORDER

Heraeus Medical GmbH, successor-in-interest to Heraeus Kulzer GmbH,
moved to modify this court's protective orders so that Heraeus can use nine
specific documents without the restrictions imposed by the protective orders.
Biomet, Inc., Biomet Orthopedics, LLC, and Esschem, Inc. oppose Heraeus's
motion. The court heard the parties' oral arguments on December 14, 2016.
Based on its consideration of the parties' written submissions and oral
arguments, the court denies Heraeus's motion.


I.    BACKGROUND

Heraeus initiated this action in January 2009 to obtain discovery in aid of
its trade secrets misappropriation litigation in Germany. The parties' written
submissions include a general outline of the protective orders previously entered
in this case; the history of those amendments needn't be repeated here. *See*
Eighth Amd. Protective Ord., at 1-7.

In 2014, the Frankfurt Court of Appeals in Germany held that Biomet and
certain of Biomet's affiliates had misappropriated Heraeus's trade secrets. The

German court enjoined Biomet from manufacturing, offering, or distributing, or having manufactured, offered, or distributed any bone cement products developed using the misappropriated Heraeus trade secrets, including certain copolymers developed by Esschem. That decision became final when the Supreme Court of Germany declined to review the appeals court's decision. While the German court of appeals limited the scope of its decision to actions in Germany, at least some other European jurisdictions have held that the German court's factual findings bind them.

In 2015, after the German appeals court ruling and while an appeal was pending before the German Supreme Court, Heraeus asked this court to modify the protective orders to remove the cited documents—documents relied on in the German court's judgment—from the restrictions of the protective orders. Heraeus argued that amendment of the protective orders was necessary because Heraeus needed to use the cited documents in European proceedings and the German appeals court had determined that the trade secrets and confidential information contained in the cited documents belonged to Heraeus.

This court denied Heraeus's motion, holding that Heraeus hadn't shown good cause to remove the cited documents from the protective order, but invited the parties to negotiate streamlined procedures for using the cited documents. The parties subsequently stipulated to entry of the eighth amended protective order, which allows use of the cited documents if certain safeguards are implemented and contains a procedure to resolve an impasse regarding those safeguards.

About a year later, Heraeus filed this motion, which again asks to modify the protective orders. Heraeus says that based on the entry of the German judgment, it has filed actions to enforce its rights to its trade secrets in France, the Netherlands, Austria, Italy, Belgium, Finland, Denmark, Norway, and the United Kingdom because "[n]otwithstanding the Frankfurt Court's injunction, the Biomet Defendants, working in concert with Esschem, continue to sell the enjoined bone cement products in Europe with the exception of Germany." Heraeus has filed or seeks to file the cited documents in those courts under the terms of the eighth amended protective order. Heraeus argues that modification is needed because Biomet has used the eighth amended protective order to obstruct court proceedings in some forums. Heraeus further contends that Biomet and Esschem don't need this court to protect the cited documents because the German judgment and the cited documents themselves show that the confidential information contained in the cited documents belongs to Heraeus.

## II.    LEGAL STANDARD

Just as good cause is required to enter a protective order, good cause is also required to modify a protective order. The party seeking to modify the protective order has the burden of demonstrating that good cause exists. This burden is especially high where a protective order is agreed to by the parties before its presentation to the court. When deciding whether to modify a protective order, courts consider the nature of the protective order, foreseeability at the time of issuance of the modification requested, parties' reliance on the order, and whether good cause exists for the modification.

Romary Assocs., Inc. v. Kibbi, LLC, No. 1:10-CV-376, 2012 WL 32969, at *1 (N.D. Ind. Jan. 6, 2012) (internal quotations and citations omitted). Courts in this circuit apply a four-factor test when considering modifications of a protective order: "(1) the nature of the protective order; (2) the foreseeability, at the time of issuance of the order, of the modification requested; (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification." Chicago Mercantile Exchange, Inc. v. Technology Research Group, LLC, 276 F.R.D. 237, 239-240 (N.D. Ill. 2011); Braun Corp. v. Vantage Mobility Int'l, LLC, 265 F.R.D. 330, 332 (N.D. Ind. 2009) (same).

III. ANALYSIS

"In determining whether to vacate a protective order, courts consider the nature of the order – that is, its scope and whether it was court imposed or stipulated to by the parties." Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 234 F.R.D. 175, 179 (N.D. Ill. 2006) (internal quotations omitted). When the parties stipulate to entry of a blanket protective order, as they did here, it is "more difficult to modify or vacate" the order. Id.; Braun Corp. v. Vantage Mobility Int'l, LLC, 265 F.R.D. 330, 332 (N.D. Ind. 2009). Heraeus argues that the designation of documents as confidential by a protective order may be challenged, citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002), and contends that paragraph 11 of the protective order, which reserves the parties' right to seek relief from any provision of the protective order, overrides the blanket nature of the order.

The parties stipulated to entry of the eighth amended protective order. Heraeus is correct that the stipulated order provides for the possibility of amendment; it would be an unusual protective order that can never be amended. By requiring something beyond simply filing a motion in this court, the eighth amended protective order actually restricts the right to seek amendment, and doesn't support an amendment without a change in circumstances.

"The foreseeability factor . . . has been defined as asking whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 234 F.R.D. 175, 180 (N.D. Ill. 2006) (internal quotations and citations omitted). "Not surprisingly, a party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." Id. (internal quotations and citations omitted). Much of what Heraeus argues in its motion to modify are points that have been raised before, such as the need to use the cited documents in enforcement proceedings and that Biomet and Esschem haven't come forth with anything to show ownership of the information in the cited documents. Such matters can help explain the significance of what has happened since the existing protective order was entered, but don't support a modification without changed circumstances.

The reliance factor "is defined as the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." Id. (internal quotations and citations omitted). For Biomet and

Esschem to rely on indefinite protection would be unreasonable, but without changed circumstances, there are no grounds to alter this court's determination last year that the reliance factors "weighs against modification" because "discovery proceeded and Heraeus was able to obtain a judgment in the German proceedings while the parties operated under the terms of the protective orders for the past [five] years." In re Application of Heraeus Kulzer GmbH for an Order Pursuant to 28 U.S.C. 1782 to Take Discovery Pursuant to the Fed. Rules of Civil Procedure for Use in Foreign Proceedings, No. 3:09-CV-530 RM, 2015 WL 5613156, at *5 (N.D. Ind. Sept. 22, 2015).

The good cause factor "implies changed conditions or new situations; a continuing objection to the terms of an order does not constitute good cause to modify or withdraw a protective order." Murata Mfg. Co., Ltd. v. Bel Fuse, Inc., 234 F.R.D. 175, 180 (N.D. Ill. 2006) (internal quotations and citations omitted). The primary change of circumstances to which Heraeus points is that the system established in the eighth amended protective order hasn't worked smoothly in some countries when Heraeus has sought confidentiality protections. Esschem says, "If it ain't broke, don't fix it"; Heraeus says it's broke.

Heraeus notes that in several countries there have been no issues in complying with the eighth amended protective order's provision regarding the use of the cited documents because adequate confidentiality regimes already exist. But Heraeus argues that in Belgium, Denmark, and Norway,[1] Biomet

---

[1] The dispute related to the confidentiality regime in Norway, which Heraeus alleges delayed the case for 17 months, had been resolved by the date of the hearing in this matter.

"exploited . . . the restrictions in the Eighth Amended Protective Order to prevent or impede Heraeus from enforcing its rights" by raising "frivolous and unfounded objections that have unnecessarily delayed the proceedings." Biomet disputed those allegations in its brief and orally at the hearing, arguing that it didn't object to protections for the cited documents, rather it objected to Heraeus's confidentiality proposals that "went beyond the requirements of the Eighth Amended Protective Order . . . and sought to impose confidentiality obligations on Biomet." In response, Heraeus argued at the hearing that the protective orders' provisions were at least causing confusion.

Heraeus, as "the party seeking to modify the protective order[,] has the burden of demonstrating that good cause exists." Romary Assocs., Inc. v. Kibbi, LLC, No. 1:10-CV-376, 2012 WL 32969, at *1 (N.D. Ind. Jan. 6, 2012) (internal quotations and citations omitted). While the court recognizes Heraeus's concerns regarding the slow pace of court proceedings in Belgium, Denmark, and Norway, the evidence before the court doesn't show that Biomet used the terms of the eighth amended protective order to obstruct court proceedings there. Heraeus conceded at the hearing that the confidentiality disputes might have been the result of confusion, rather than an effort by Biomet to obstruct. That doesn't amount to changed circumstances or good cause for modification.

In Austria, the parties successfully negotiated a resolution to confidentiality issues by employing the procedure outlined in paragraph six of the eighth amended protective order. The court encourages the parties to

consider the paragraph six procedure as a resource to resolve confidentiality disputes related to the cited documents.

The secondary change of circumstances raised by Heraeus is the final judgment in Germany. As the court understands it from the parties' presentations, the German court's factual findings, but not its reasoning or legal conclusions, bind other jurisdictions, and issues of ownership, misappropriation, and violation of a trade secret are issues of law. The finality of the German judgment might be a giant step toward the finish line for Heraeus; its factual preclusion would seem to the limit the range of arguments available to Biomet and Esschem concerning ownership and misappropriation. But it doesn't get Heraeus across the finish line.

IV.    CONCLUSION

Based on the foregoing, the court DENIES Heraeus's motion to modify the protective orders [Doc. No. 193].

SO ORDERED.

ENTERED:    January 18, 2017

_____/s/Robert L. Miller, Jr._____
Judge, United States District Court